UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOUGLAS SENGILLO,

                         Plaintiff,

                                                <u>DECISION AND ORDER</u>

                                                03-CV-6509L

            v.

VALEO ELECTRICAL SYSTEMS, INC.,
PENSION PLAN FOR VALEO ELECTRICAL
SYSTEMS, INC. BARGAINING UNIT EMPLOYEES,
DENNIS CLARK,

                         Defendants.
_____

      Plaintiff, a former employee of defendant auto parts manufacturer Valeo Electrical Systems ("VESI"), was terminated from his position as a buyer with VESI effective April 30, 2001. It is undisputed that three weeks prior to his termination, plaintiff was identified as a poor performer and placed on a Performance Improvement Plan ("PIP") which identified several performance deficiencies. Despite several meetings with plaintiff to discuss his progress following the PIP, VESI concluded that plaintiff had failed to appreciably approve, and decided to terminate his employment for poor performance. However, the parties thereafter agreed that the termination would be characterized as a reduction in force ("RIF"), at least in part to relieve plaintiff of the stigma and embarrassment of a performance-related termination in applying for future employment.

Other pertinent facts relative to plaintiff's termination and his severance package are set forth in some detail in another action brought by plaintiff against VESI, decided this date, familiarity with which is presumed (06-CV-6382).

Sometime after his termination, plaintiff sought employment with a different division of VESI, but was not considered for the position after VESI Human Resources Officer Kathy Langston ("Langston") informed the hiring supervisor for that division, Dennis Clark ("Clark"), that plaintiff's termination had actually been for poor performance and not as part of a RIF. In a subsequent e-mail to Clark, Langston erroneously stated that rehiring plaintiff was not an option, due to a "no rehire" clause in his Release. In fact, the Release did not address plaintiff's potential for rehire by VESI.

Plaintiff commenced the instant action on October 20, 2003, alleging retaliatory failure to rehire in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq. Although the Complaint also purports to allege a claim of discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., based on association with a disabled person (plaintiff's wife, who allegedly has a severe and debilitating medical condition), plaintiff has abandoned that claim.

For the reasons set forth below, VESI's motion for summary judgment is granted, and plaintiff's Complaint is dismissed.

## DISCUSSION

**I.   Standard on a Motion for Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.

R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985) (summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion). *See also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000), *quoting St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993) (trial courts should not "treat discrimination differently from other ultimate questions of fact"). To defeat a motion for summary judgment[,] a plaintiff cannot rely on 'conjecture or surmise.'" *Heilweil v. Mount Sinai Hosp.*, 32 F.3d 718, 723 (2d Cir. 1994). "The summary judgment rule would be rendered sterile […] if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." *Meiri*, 759 F.2d 989 at 998. Thus, in order to avoid summary judgment, a plaintiff "must come forward with at least some credible evidence that the actions of the [defendants] were motivated by [… ] animus or ill-will." *Grillo v. New York City Transit Auth.*, 291 F.3d 231, 234 (2d Cir. 2002).

**II.     Plaintiff's Retaliation Claim**

Retaliation claims are analyzed within the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*. *McDonnell Douglas*, 411 U.S. 792 (1973). On a motion for summary

judgment, the plaintiff must first establish a *prima facie* case of retaliation.  Once the plaintiff has done so, the burden shifts to the defendant to establish a legitimate, non-retaliatory basis for the complained-of action. If the defendant does so, the burden returns to plaintiff, who must show that the legitimate, non-retaliatory reason articulated by the defendant is a mere "pretext," and that retaliation was more likely than not the reason for the complained-of action.  *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998).

A plaintiff makes out a *prima facie* case of retaliation by showing: (1) his participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.  *Id*.  Here, plaintiff alleges that VESI retaliated against him for consulting with an attorney, by refusing to consider him for rehire.

Construing all doubts in plaintiff's favor as the nonmovant, I find that plaintiff has failed to establish a *prima facie* case of retaliation.  Specifically, plaintiff cannot demonstrate that he engaged in protected activity, or if he did so, that VESI was aware of it in making the decision not to rehire him.  Moreover, even if plaintiff were to establish his *prima facie* case, he cannot rebut VESI's legitimate, nondiscriminatory reason for failing to rehire him – poor performance in his previous VESI position, for which he had been terminated.

In order to establish the first prong of his *prima facie* case, plaintiff must show that he "opposed any practice made unlawful" by the ADEA. 29 U.S.C. §623(d).  Plaintiff alleges that he engaged in protected activity because he did not meet with counsel solely to discuss the negotiation of his severance package, but also to explore the potential for initiating a discrimination lawsuit

against VESI. Plaintiff further alleges that he made generic threats of litigation during his termination meeting, charging VESI with being "unfair," and in a discussion with VESI Human Resources Director Dave Schweinfurth. Plaintiff's counsel has also submitted an affidavit in which he recalls having made the threat of litigation to VESI's attorney, James Holahan, although that affidavit appears to be contradicted by a contemporaneous letter sent by plaintiff's counsel to Holahan which explicitly notes that plaintiff's counsel "ha[s] not made any attempt to threaten litigation."

Despite the parties' contradictory narratives concerning whether plaintiff ever threatened VESI with a discrimination lawsuit, assessment of the credibility of the affidavits of plaintiff and his counsel would be inappropriate on this motion for summary judgment. However, even assuming *arguendo* that VESI's counsel and its Human Resources Director were on notice that plaintiff was considering ADEA-based litigation against VESI, such circumstances are insufficient to establish a *prima facie* case of retaliation. There is no evidence whatsoever that Clark, the sole decision-maker in declining plaintiff's request for rehire, or Langston, who discussed plaintiff's previous work history at VESI with Clark, ever had any knowledge of plaintiff's alleged threats of litigation. To the contrary, both deny such knowledge, and Clark avers that his decision not to consider plaintiff for the open position was based solely on plaintiff's prior termination for poor performance. *See Philippeaux v. Fashion Inst. of Tech.*, 1996 U.S. App. LEXIS 33507 at *3 (2d Cir. 1996) (plaintiff failed to set forth *prima facie* case of retaliatory expulsion, where there was no showing that the decision-makers were aware of plaintiff's protected activity); *Murray v. Visiting Nurse Services*, 528 F. Supp. 2d 257 (S.D.N.Y. 2007) (collecting and discussing case law and noting that "district courts

have consistently held that, with regard to the causation prong of the *prima facie* standard, [a]bsent any evidence to support an inference that [the decisionmakers] knew of [p]laintiff's complaints, [p]laintiff cannot rely on circumstantial evidence of knowledge as evidence of causation."); *Chen v. New York City Transit Authority*, 2003 U.S. Dist. LEXIS 16016 (E.D.N.Y. 2003) (plaintiff failed to set forth *prima facie* case of retaliatory failure to rehire, where there was no showing that the decision-makers were aware of plaintiff's protected activity); *Montaile v. Nat'l Broadcast Co.*, 211 F. Supp. 2d 481, 488 (S.D.N.Y. 2002) (same), *aff'd in relevant part*, 57 Fed. Appx. 27 (2d Cir. 2003).

Furthermore, even if plaintiff's allegations of litigation threats were sufficient to establish a *prima facie* case, plaintiff cannot rebut VESI's legitimate, non-discriminatory reason for declining to rehire him; to wit, his prior poor performance. Once again, there is no evidence establishing that, at the time Clark declined to consider plaintiff for rehire, Langston or Clark knew about plaintiff's alleged litigation threats. *See Collette v. St. Luke's Roosevelt Hospital*, 2002 U.S. Dist. LEXIS 18164 at *33 (S.D.N.Y. 2002) (pretext for retaliation cannot be established where there is no evidence that four out of the five relevant decision-makers knew of plaintiff's protected activity).

The other alleged indicia of pretext identified by plaintiff, including VESI's alleged departure from company procedure in failing to consider him for open positions, Langston's statement to Clark concerning his termination for poor performance, Langston's misstatement to Clark that plaintiff was not eligible for rehire, and VESI's "inconsistent" characterization of plaintiff's termination as a RIF and/or the result of poor performance, are similarly unpersuasive. There is no evidence that VESI had a policy of considering employees who had been terminated for poor performance for rehire.

Langston's statement to Clark that plaintiff had been terminated for poor performance was true, and not, as plaintiff urges, a violation of VESI's obligations to plaintiff under the terms of his Release agreement specifying that he had been selected for a RIF. (Indeed, it would be ludicrous if the Court were to find that, in the absence of a writing establishing such an obligation, persons within a corporation were somehow foreclosed from discussing the prior work history of employees seeking to be rehired.)

While Langston's statement concerning plaintiff's eligibility for rehire under the terms of his Release was erroneous, it is undisputed that Clark had determined not to consider plaintiff for the opening in his department, and sent plaintiff correspondence to that effect, prior to that statement being made, nor is there any evidence to suggest that the misstatement was intentional or malicious. Finally, VESI's choice to represent plaintiff's termination as the product of an RIF in his Release, while internally maintaining that his termination – or at least his selection to be part of the RIF – was in fact occasioned by poor performance – is neither contradictory nor evidence of pretext where, as here, there is no dispute that the "RIF" language was drafted prior to and in anticipation of plaintiff's termination for cause, for the purpose of saving him embarrassment.

Given the lack of sufficient evidence of pretext to rebut VESI's legitimate, non-discriminatory reason for declining to re-hire plaintiff – that plaintiff was not considered because he had already been dismissed by VESI for poor performance – plaintiff cannot prevail on his claim, and VESI's motion for summary judgment must be granted.

**CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment dismissing the Complaint (Dkt. #73) is granted, and the Complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 17, 2008.